## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LUIS ANTONIO AGUILAR ARREOLA, | ) | |
| ID # 46356-177, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:17-CV-951-D (BH) |
| | ) | No. 3:12-CR-408-D(8) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* (doc. 1), should be **DENIED** with prejudice as barred by the statute of limitations.

### I.  BACKGROUND

Luis Antonio Aguilar Arreola (Movant) challenges his federal conviction and sentence in Cause No. 3:12-CR-408-D.  The respondent is the United States of America (Government).

On May 21, 2013, Movant was charged by superseding indictment with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 (count one) and using a communication facility to facilitate a drug felony in violation of 21 U.S.C. § 843(b) (count two).  (*See* doc. 109.)[1]  He pleaded guilty to count one on September 13, 2013, and was later sentenced to 121 months' imprisonment.  (*See* docs. 205; 283 at 2.)  His appeal was dismissed on November 24, 2014, on the Government's unopposed motion.  (*See* doc. 307); *see also United States v. Arreola*, No. 14-10823 (5th Cir. Nov. 24, 2014).

---

[1]  Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:12-CR-408-D.

Movant's § 2255 motion was signed on March 23, 2017, and received on April 4, 2017. (No. 3:17-CV-951-D, doc. 1 at 7.) It alleges that he received ineffective assistance of counsel because counsel failed to file a motion for a reduction of the sentence, and that he is entitled to a sentence reduction under Amendment 782, a 2014 retroactive amendment to the United States Sentencing Guidelines.[2] (*Id.* at 4-6, 8-9.) The Government filed a response on June 5, 2017, contending that the motion to vacate was untimely. (*Id.*, doc. 5 at 10-12.)

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

[2] Movant's motion to reduce his sentence under Amendment 782, received on June 17, 2016 (doc. 347), was denied on July 21, 2016, because he had received the benefit of the two-level reduction in anticipation of the 2014 amendment, and he waived his right to seek a reduced sentence under § 3582(c) when that amendment took effect. (*See* doc. 352).

### A.    Calculation of One-Year Period

With regard to § 2255(f)(1), Movant's appeal was dismissed on November 24, 2014. He did not file a petition for writ of certiorari in the Supreme Court, so his conviction became final on February 22, 2015, when the ninety-day period for filing a petition for writ of certiorari expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). He does not allege that government action prevented him from filing a § 2255 petition earlier under § 2255(f)(2). The facts supporting his claim arose before the conviction became final, so § 2255(f)(4) does not apply. A literal application of § 2255(f)(1) renders the 2017 motion to vacate untimely.

### B.    Equitable Tolling

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing*

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant claims that he did not file his within the limitations period because counsel did not file the motion for a reduction of sentence, as represented. (*See* doc. 1 at 9.) He does not explain how that kept him from filing a § 2255 motion within the one-year limitations period, however. "Mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Movant has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable tolling. Nor does he assert any other basis for equitable tolling. His § 2255 motion should be denied as untimely.

## III.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice as barred by the statute of limitations.

**SO RECOMMENDED** this 26th day of November, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE